CHARLES R. BURGESON, APPELLEE, v. STEPHEN SCHULTZ, APPELLANT.

FILED JULY 11, 1914. No. 17,742.

Pleading: SUFFICIENCY ON APPEAL. "A petition which is attacked for the first time in this court, on the ground that it does not state a cause of action, will be liberally construed." *Omaha Nat. Bank v. Kiper*, 60 Neb. 33.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*J. W. James*, for appellant.

*McCreary & Danly, contra.*

FAWCETT, J.

This action originated in the county court of Adams county, was appealed to the district court, where issues were made up by petition, answer, and reply. At the conclusion of the trial to a jury, the court directed a verdict in favor of plaintiff for the full amount of his claim, upon which judgment was entered, and defendant appeals.

The controversy is over a written contract entered into by and between the parties over the sale of a certain make

of automobiles in Phelps and Gosper counties, Nebraska.
At the time the contract was entered into, plaintiff paid
defendant $500, which, in the language of the contract,
constituted "a deposit." As fast as plaintiff would sell a
car, $25 of this deposit was credited as part payment there-
on. The contract contained the following clause: "This
contract expires October 1, 1910, or may be canceled by
either party upon thirty days' written notice given through
the usual course of mail or otherwise." After having sold
three machines, plaintiff in writing canceled the contract.
This action is to recover the $500 deposit, less $25 on each
of the three machines sold.

The appeal is lodged in this court upon the transcript
alone. Three errors are assigned: First, in overruling
the motion of defendant for an instructed verdict; second,
in instructing the jury to find for the plaintiff; third, that
the petition does not state facts sufficient to constitute a
cause of action. As no bill of exceptions has been fur-
nished, we cannot consider the first two assignments. The
only question therefore is: Does the petition state a cause
of action? The contract is set out in full in the petition,
and the contention of defendant is that this contract shows
an absolute sale of 20 machines with a payment of $25 to
apply on each machine, and that by canceling the contract,
as plaintiff was permitted to do by its terms, he did not
thereby become entitled to a return of the cash payment
which he had made upon 17 machines not sold. The con-
tract is not clear and explicit by any manner of means.
There is language in it which would bear the construction
that it was an absolute contract of sale, while there is
other language which implies that it was simply a con-
tract of agency for a limited territory under an agree-
ment by the agent that he would sell a stated number of
machines. It is contended by plaintiff, in effect, that if
we had the bill of exceptions before us we would be able
to see from that just how the parties themselves had con-
strued the contract, and would thus be advised that the
court was right in directing a verdict for plaintiff, as was

done.   The probabilities are that this contention is true.
The transcript from the county court is in the record. The
entire record shows that neither in the county court nor
before the district court was the sufficiency of the petition
assailed.   ·That contention is made for the first time in this
court.   In the light of our oft-repeated holding that in
such case the petition will be liberally construed, we can-
not, on the record before us, say that the petition is in-
sufficient.

AFFIRMED.